(36 Misc. Rep. 730.)

HANSER v. LUTHER.

(Supreme Court, Special Term, New York County. January, 1902.)

BILL OF PARTICULARS.
Where defendant in a motion for a bill of particulars served notice of motion, plaintiff cannot defeat it by service thereafter of an amended complaint, throwing no light on the particulars demanded by the motion.

Action by Julius M. Hanser against Albert Luther. Motion for a bill of particulars. Granted.

Goepel & Wahle, for plaintiff.
Maas & Goldberg, for defendant.

SCOTT, J. This is a somewhat unusual action. The original complaint alleged that plaintiff and defendant agreed to enter into a copartnership for the sale of jewelry or other merchandise; that the defendant was to contribute cash to the extent of $5,500, and the plaintiff to contribute his experience; that the defendant did contribute his cash by paying it to the plaintiff; that it was subsequently agreed that plaintiff should use so much of the money as was necessary for his household expenses, the amount so expended to be treated as a loan by the copartnership to the plaintiff, and to be repaid out of the profits thereafter to accrue; that the defendant has refused to carry out the agreement to form a copartnership, and has demanded the return of the $5,500 contributed. The relief demanded is that the parties be declared to be copartners, and the funds in plaintiff's hands be declared copartnership assets, and the amount thereof already expended by plaintiff be declared to be advances from the copartnership funds; that the term of the copartnership be declared to be three years from December 1, 1901; that plaintiff be permitted to retain so much as is left of the money, and declared to be a trustee thereof for the benefit of the copartnership; and that an account be stated and the rights of the parties adjusted. The defendant asked for a bill of particulars showing the amounts which the plaintiff claimed to have paid out of the money for household and other expenses. Thereupon the plaintiff, as very plainly appears from the affidavit of his attorney, for the purpose of defeating the motion and keeping the defendant as much in the dark as possible, served an amended complaint, which does not differ materially from the original complaint, except that in the original complaint it is alleged that plaintiff had incurred expense and made contracts in behalf of the copartnership, whereas in the amended complaint it is merely alleged that it was agreed that he might incur expense and make contracts, but there is no allegation that he has done so. The amended complaint contains the same allegations as to the use of the money for household expenses as is contained in the original complaint. In Callahan v. Gilman, 11 App. Div. 522, 42 N. Y. Supp. 497, it was held that the service in good faith of an amended complaint, after notice of motion for a bill of particulars, deprived the motion of its basis. This authority is not applicable to the present motion,

because the amended complaint was obviously not served in good faith, and it is doubtful whether the action has any bona fides to support it. The plaintiff admits that he has received defendant's money. He admits that the purpose for which he received it has not been carried out. If the defendant agreed to form a copartnership and wrongfully refused to carry out his agreement he may be liable to an action at law for damages, but the plaintiff is not entitled to hold on to his money. The plaintiff says he has by agreement spent some of the money. Clearly the defendant is entitled to know how much. Perhaps, if the amount be small, the defendant will allow it rather than indulge in a protracted and expensive litigation. It is a device of modern growth, and one not to be encouraged, for an acknowledged debtor to bring an action in equity against his creditor, for the alleged purpose of finding out how much he owes, but with the practical result of postponing the evil day when he will be obliged to pay. The motion for a bill of particulars, as to the amount alleged to have been expended for household expenses, is as applicable to the amended answer as to the original, and to this extent it will be granted, with $10 costs. Since the plaintiff no longer claims to have incurred expenses for the copartnership, or to have made contracts in its behalf, there is no ground for particulars in regard to those matters.

Ordered accordingly.